# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| JIMMY R. SWINDLE | CIVIL NO.: 18-0064 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| CHEROKEE INSURANCE CO., ET AL. | MAGISTRATE JUDGE HORNSBY |

## ORDER

A court is always under a duty to examine its own subject-matter jurisdiction. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)). In a case where original jurisdiction arises exclusively under 28 U.S.C. § 1332, a district court has supplemental jurisdiction over claims raised by plaintiff-intervenors that are part of the same case or controversy only if there is an independent basis for subject-matter jurisdiction over the intervenor's claim. 28 U.S.C. § 1367(b). A plaintiff-intervenor in a diversity case must be both completely diverse from the defendants and be pursuing a claim whose value exceeds $75,000. *Griffin v. Lee*, 621 F.3d 380, 386 (5th Cir. 2010) (citing 28 U.S.C. § 1367(b)).

This Court has original jurisdiction over the claims of Plaintiff, Jimmy Swindle ("Swindle"), against Defendants based on diversity jurisdiction. The complaint alleges that Swindle and Defendants are completely diverse and that the amount in controversy in his claim exceeds $75,000. [Record Document 1 at 1-2]. Texas Mutual Insurance Company ("Texas Mutual") is a plaintiff-intervenor who seeks to recover workers' compensation benefits it paid to Swindle as a result of injuries he sustained through

Defendants' negligence. [Record Document 27 at 1-2].

28 U.S.C. § 1367(a) grants this Court jurisdiction over claims that arise out of the same case or controversy as a claim over which this Court has original jurisdiction. This test is obviously satisfied here. However, because the basis of this Court's original jurisdiction is diversity, the requirements of § 1367(b) must also be met. Because Texas Mutual is a plaintiff-intervenor, there must be an independent basis for this Court's subject matter jurisdiction over Texas Mutual's claim.

As this is a claim to recover workers' compensation benefits paid, diversity is the only basis for jurisdiction. Texas Mutual is completely diverse from Defendants. [*Id.*]. However, Texas Mutual has not pleaded the amount in controversy. Texas Mutual pleaded: "As is detailed in Plaintiff's Complaint, the amount in controversy exceeds $75,000.00. Texas Mutual Insurance Company claims an interest in the Plaintiff's recovery for the reimbursement of worker's compensation benefits paid." [*Id.* at 2]. Thus, Texas Mutual represents it seeks to recover the amount of the benefits it paid, but then fails to allege that amount. Instead, it alleges the amount that <u>Swindle</u> seeks to recover. However, for purposes of jurisdiction over the claim of a plaintiff-intervenor in a diversity suit, the relevant amount in controversy is not the amount of the underlying case but rather the amount that the <u>plaintiff-intervenor</u> claims. *Griffin*, 621 F.3d at 386.

As Texas Mutual has not alleged the amount in controversy on its own claim against Defendants, the Court cannot determine whether it has subject matter jurisdiction over Texas Mutual's claim. Therefore, **IT IS ORDERED** that Texas Mutual file an amended complaint of intervention by **February 22, 2019** that alleges the amount that

Texas Mutual contends it is owed. If Texas Mutual fails to comply with this order, the Court will dismiss the intervention.

All deadlines in the underlying action between Swindle and Defendants are unaffected by this order.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 8th day of February, 2019.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE